UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>STARBUCKS CORPORATION; a Washington Corporation; and DOES 1-10,<br><br>    Defendants. | No. 2:16-CV-02820-MCE-GGH<br><br>**MEMORANDUM AND ORDER** |

Plaintiff Scott Johnson ("Plaintiff") moves for summary judgment in this suit against a Sacramento area Starbucks coffee shop for violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101–12213 and California's Unruh Civil Rights Act, Cal. Civ. Code § 51. Plaintiff contends that this particular Starbucks store has a sales and service counter that is noncompliant with applicable guidelines and that thus presents a barrier to access. Defendant filed an opposition arguing that even if it's counters do not comply with the general guideline, they are compliant under a provided exception. For the reasons below, Plaintiff's motion for summary judgment is DENIED.[1]

///

---

[1] Having determined that oral argument would not be of material assistance, the Court ordered the Motion submitted on the briefs pursuant to Local Rule 230(g).

1

**ANALYSIS**

The Federal Rules of Civil Procedure provide for summary judgment when "the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In a summary judgment motion, the moving party always bears the initial responsibility of informing the court of the basis for the motion and identifying the portions in the record "which it believes demonstrate the absence of a genuine issue of material fact." Celotex, 477 U.S. at 323. "However, if the nonmoving party bears the burden of proof on an issue at trial, the moving party need not produce affirmative evidence of an absence of fact to satisfy its burden." In re Brazier Forest Prods. Inc., 921 F.2d 221, 223 (9th Cir. 1990). If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact exists. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986); First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 288–89 (1968).

A factual dispute must be shown by "cit[ing] to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits[,] or declarations . . . or other materials; or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The opposing party must demonstrate the contended fact is material, that it might affect the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 251–52 (1986); Owens v. Local No. 169, Assoc. of W. Pulp and Paper Workers, 971 F.2d 347, 355 (9th Cir. 1987).

The opposing party must also demonstrate the disputed material fact is genuine, such that a reasonable jury could return a verdict for the nonmoving party. Anderson, 477 U.S. at 248. The analysis is "not whether there is literally no evidence, but whether

there is any upon which a jury could properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed." Anderson, 477 U.S. at 251 (quoting Improvement Co. v. Munson, 81 U.S. 442, 448 (1871)). As the Supreme Court explained, "[w]hen the moving party has carried its burden under Rule [56(a)], its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586. Therefore, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Id. at 587. The opposing party's evidence is to be believed, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in their favor. Anderson, 477 U.S. at 255. Still, the opposing party must produce a factual predicate for the inference. Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244–45 (E.D. Cal. 1985), aff'd, 810 F.2d 898 (9th Cir. 1987).

To prevail on a claim under Title III of the ADA, "a plaintiff must show that: (1) he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of his disability." Arizona ex rel. Goddard v. Harkins Amusement Enters., Inc., 603 F.3d 666, 670 (9th Cir. 2010). The third element is satisfied "if there was a violation of applicable accessibility standards." Moeller v. Taco Bell Corp., 816 F. Supp. 2d 831, 847 (N.D. Cal. 2011) (citing Chapman v. Pier 1 Imports (U.S.), Inc., 631 F.3d 939, 945 (9th Cir. 2011); Donald v. Cafe Royale, 218 Cal. App. 3d 168, 183 (1990)). Generally, a facility is "readily accessible to and usable by individuals with disabilities" if it meets the ADA Accessibility Guidelines. Oliver v. Ralphs Grocery Co., 654 F.3d 903, 905 (9th Cir. 2011).

Plaintiff contends Starbucks' counters are noncompliant under the guidelines because they fail to provide a 36-inch wide transaction space under section 904.4.1, which provides, in pertinent part, that "[a] portion of the counter surface that is 36 inches (915 mm) long minimum and 36 inches (915 mm) high maximum above the finish floor shall be provided." His motion ignores, however, a provided exception that Defendant

contends controls: "Where the provided counter surface is less than 36 inches (915 mm) long, the entire counter surface shall be 36 inches (915 mm) high maximum above the finish floor." Since Defendant has proffered evidence that their counters may comply with the exception, Plaintiff has failed to meet his burden of establishing he is entitled to judgment as a matter of law, and his Motion is DENIED.[2]

**CONCLUSION**

For the reasons provided, Plaintiff's Motion for Summary Judgment (ECF No. 21) is DENIED.

IT IS SO ORDERED.

Dated: October 17, 2018

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

[2] Given the foregoing disposition, the Court need not rule on Defendant's challenges to Plaintiff's standing or to his expert report.

4